■ MAGDALEN GAYNOR, as Temporary Administrator of the

Estate of IHSAN BARBOUTI, Deceased, Appellant, v LOIZOS LYSANDROU et al., Respondents, et al., Defendants. [601 NYS2d 287] —Order of the Supreme Court, New York County (Irma Vidal Santaella, J.), entered March 30, 1992, which denied plaintiff's motion to renew a prior motion to enter a default judgment against the individual defendants, is unanimously reversed, on the law and facts, the motion for renewal granted and upon renewal, the plaintiff's motion for default judgment against the individual defendants is granted, and the matter remanded for entry of such judgment, with execution stayed pending disposition of a Federal forfeiture action, with transfer of the *res* subject to such order as is ultimately entered in the forfeiture action, with costs and disbursements payable to plaintiff.

This action was commenced in August, 1989, to recover a $3 million bank check drawn against the account of plaintiff's decedent at the Qatar National Bank. The decedent, Ihsan Barbouti, sought to purchase aircraft parts for shipment to Libya from defendants Lysandrou and Nomikos. In connection with this transaction, Barbouti caused a $3 million bank check to be issued by Qatar Bank payable to defendant Nomikos on Qatar Bank's account at Manufacturers Hanover in New York (succeeded herein by Chemical Bank). When Barbouti allegedly discovered that no aircraft parts existed, and that he was being "swindled", he attempted to stop payment on the check, and the IAS Court enjoined payment of it.

Barbouti died July 4, 1990, and his representative was substituted. The United States subsequently commenced a forfeiture action concerning the same $3 million obligation, on the ground that the attempted sale of aircraft parts violated the International Emergency Economic Powers Act (50 USC § 1701 *et seq.*), and that the funds were subject to forfeiture pursuant to 18 USC § 981. On December 20, 1991, the IAS Court held this action in abeyance, and denied plaintiff's motion to enter default judgments against defendants Lysandrou and Nomikos, pending disposition of the forfeiture action.

Plaintiff subsequently moved to renew, based on deposition testimony given by defendant Nomikos that he and Lysandrou had defrauded plaintiff's decedent. In the only response, defendants' counsel sought leave to withdraw, on the ground that defendants refused to communicate with counsel or pay their bill.

Despite the lack of opposition, the IAS Court denied the motion to renew "pending proof that the U.S. forfeiture action before the Southern District has been disposed of as national security is paramount."

The individual defendants do not submit a brief on appeal. Chemical Bank submits a brief as successor to Manufacturers Hanover, arguing only that the funds at issue have never been available to Chemical or its predecessor, and that its liability as a stakeholder, therefore, should be in the amount of $3 million without interest.

On January 9, 1993, subsequent to the entry of the order denying renewal, the Federal District Court in the forfeiture action denied a motion to dismiss for lack of jurisdiction over the *res.* It found that any determination by the Federal court of the rights of the parties in the *res* could be made with proper regard both for the State domestic policy and the necessity for cooperation between the Federal and State tribunals. We agree with the finding of the Federal court that adjudication of these divergent interests may be determined simultaneously and independently without violating notions of comity. There is thus no need to further delay adjudicating the right of the parties. By our action in directing the entry of default judgment against the individual defendants, the interests of the parties before this Court, *inter se,* to the *res* have been resolved subject to the ultimate rights of the United States to the same *res.* Finally, it is not necessary for us to address Chemical Bank's arguments, at this time. Concur— Rosenberger, J. P., Kupferman, Asch and Rubin, JJ.